UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLEAN AIR COUNCIL<br>135 South 19th Street, Suite 300<br>Philadelphia, PA 19103<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES DEPARTMENT<br>OF ENERGY<br>1000 Independence Avenue, SW<br>Washington, DC 20585<br><br>*Defendant*. | Civil Action No. _____<br><br>**COMPLAINT** |

**PRELIMINARY STATEMENT**

1. Plaintiff Clean Air Council ("the Council" or "Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*., as amended, to compel the United States Department of Energy ("DOE" or "Defendant"), to disclose records wrongfully withheld in failing to meaningfully respond within the statutory deadline to Plaintiff's FOIA request.

2. Plaintiff is a Pennsylvania nonprofit corporation dedicated to protecting and defending everyone's right to a healthy environment.

3. On February 14, 2020, Plaintiff submitted a FOIA request via the DOE website. This request sought "Any and all records (including but not limited to email, text messages, correspondence, communications (both internal and external), electronic or handwritten notes, phone logs, review memoranda, meeting minutes, and sign-in sheets) pertaining to

ExxonMobil Corporation, ExxonMobil Chemical, ExxonMobil Pipeline Company, XTO Energy and any related entity or joint venture or subsidiary contemplating construction, investment, planning and/or siting of chemical plants or pipelines in Pennsylvania, Ohio, and/or West Virginia.  Also requested are records relating to the importing or exporting to/from chemical plants of the specified ExxonMobil companies in Pennsylvania, Ohio, and/or West Virginia.  The date range of records requested is January 1, 2018 to the present."

4. DOE acknowledged receipt of this request in an email to Plaintiff on February 25, 2020 but, as of the date of filing this Complaint, has failed to provide responsive records or a determination in this request.

5. The FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information.

6. FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

7. The FOIA requires agencies to determine within 20 working days after the receipt of any FOIA request whether to comply with the request.  5 U.S.C. § 552(a)(6)(A)(i).

8. Agencies may extend this time period only in "unusual circumstances" and then only for a maximum of ten additional working days.  5 U.S.C. § 552(a)(6)(B)(i).

9. The FOIA states that "Any person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his

administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph." 5 U.S.C. § 552(a)(6)(C)(i).

10. DOE FOIA regulations state that "[i]f no determination has been made at the end of the 20-day period, or the last extension thereof, the requester may deem his administrative remedies to have been exhausted, giving rise to a right of review in a district court of the United States as specified in 5 U.S.C. 552(a)(4)." 10 C.F.R. § 1004.5(d)(4).

11. To date, Defendant has failed to make a final determination on the request and has failed to produce requested records in response to Plaintiff's February 2020 FOIA request.

12. Defendant's conduct amounts to a denial of Plaintiff's FOIA request and frustration of Plaintiff's efforts to learn about DOE's contact with the ExxonMobil corporation regarding potential chemical plants or potential pipelines in the recent past or if records exist relating to the importing or exporting to/from chemical plants of the specified ExxonMobil companies in Pennsylvania, Ohio, and/or West Virginia in 2018, 2019, or 2020.

13. Plaintiff constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring Defendant to immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

15. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

16. This Court is a proper venue because Plaintiff's principal place of business is in the Eastern District of Pennsylvania.  *See* 28 U.S.C. § 1391(e)(1)(C) (where the defendant is the government or a government agency, a civil action may be brought in the district where the plaintiff resides if no real property is involved in the action).  Venue is also proper under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff's principal place of business is, where the records are located, or in the District of Columbia).

17. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

**PARTIES**

18. Plaintiff, the Council, is a Pennsylvania nonprofit corporation dedicated to protecting and defending everyone's right to a healthy environment and is headquartered in Philadelphia, PA.

19. The Council works through a broad array of related sustainability and public health initiatives, using public education, community action, government oversight, and enforcement of environmental laws so that everyone who lives and works in the Mid-Atlantic region sees their health improve as a result of cleaner air.

20. Defendant, DOE, is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

21. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of the FOIA.

**STATEMENT OF FACTS**

22. In October of 2019, a news story was published online that ExxonMobil was considering building a petrochemical plant in southwest Pennsylvania.

   https://stateimpact.npr.org/pennsylvania/2019/10/17/report-exxonmobil-scouting-property-for-2nd-cracker-in-beaver-county/

23. Based in part on this story, Plaintiff filed the FOIA request at issue in this Complaint on February 14, 2020 regarding ExxonMobil's intentions in moving forward with building such project or projects.

24. Pursuant to 5 U.S.C. § 552(a)(6)(A), Defendant had twenty working days from the date of receipt to respond, or to assert the need to extend this time limit due to unusual circumstances. *See also* 10 C.F.R. § 1004.5. The FOIA also provides that upon request, agencies are to make records "promptly available." 5 U.S.C. § 552(a)(3)(A).

25. On February 25, 2020, DOE sent Plaintiff an email acknowledging receipt of Plaintiff's request and assured that they "are reviewing your letter to determine if it addresses all of the criteria of a proper request under the FOIA and DOE regulation that implements the FOIA at Title 10, Code of Federal Regulations, Part 1004. We will send you a subsequent letter to inform you if we need additional information or to state where the request has been assigned to conduct a search for responsive documents."

26. Through a series of emails between February 25 and April 1, 2020, Plaintiff clarified the request for Defendant, which included approving the search terms "Exxon," "ExxonMobil," "ExxonMobil Corporation," "ExxonMobil Chemical," "ExxonMobil Pipeline Company," and "XTO Energy."

27. After April 1, 2020, the Council received no further response from DOE regarding this request and thus filed an appeal in DOE's Office of Hearings and Appeals on May 21, 2020

seeking assistance from the DOE FOIA Appeals Officer in obtaining a determination or records in this FOIA request.

28. On May 29, 2020, Poli A. Marmolejos, Director of the Office of Hearings and Appeals dismissed the appeal because "circumstances for an administrative appeal do yet not exist because, as of the date of your Appeal, the DOE had not yet denied a request for records in whole or in part, responded that there are no documents responsive to the request, or denied a request for waiver of fees."

29. In the same letter, on May 29, 2020, Poli A. Marmolejos stated "[Office of Public Information] informed us that it is searching for the requested documents and it anticipates issuing a partial Determination Letter by July 31, 2020."

30. On June 2, 2020, Plaintiff sought mediation assistance and intervention in the FOIA request from the Office of Government Information Services ("OGIS") because the Council has not been given a timely response to the request in either responsive records or a final determination.

31. On June 18, 2020, OGIS denied Plaintiff's request to intervene and mediate in the FOIA request, stating that "OGIS's role in the FOIA process is limited; we cannot compel an agency to process one request before another."

32. As of July 31, 2020 (the day that Poli A. Marmolejos stated the Office of Public Information of the DOE anticipated it would issue a partial Determination Letter), Plaintiff has not received records or a Determination Letter of any kind from DOE.

33. Twenty working days from February 14, 2020 (the date that Plaintiff submitted this FOIA request via DOE's website) was March 13, 2020. As of this August 3, 2020 filing, Plaintiff

has received neither a determination on its February 2020 FOIA request, nor any responsive records produced by a search performed pursuant to that request.

34. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits.  5 U.S.C. § 552(a)(6)(C)(i).  Having fully exhausted its administrative remedies for its February 2020 FOIA request, Plaintiff now turns to this Court to enforce the FOIA's guarantee of public access to agency records, along with the remedies available when an agency withholds that access.

## CAUSE OF ACTION

35. Plaintiff incorporates the allegations in the preceding paragraphs.

36. Defendant's failure to make a determination on Plaintiff's FOIA request or disclose the records requested within the time frames mandated by statute is a constructive denial and wrongful withholding of records in violation of FOIA, 5 U.S.C. § 552, and the Department of Energy regulations promulgated thereunder, 10 C.F.R. § 1004 *et. seq*.

37. A private cause of action is available for requesters under these circumstances. *McDonnell v. United States*, 4 F.3d 1227, 1238 (3d Cir. 1993).

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

i. Enter an order declaring that Defendant wrongfully withheld requested agency records;

ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld records;

iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA and every order of this Court;

iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on August 3, 2020,

/s  Jennifer E. Clark
Alex Bomstein
PA ID No. 206983
abomstein@cleanair.org

Jennifer Clark
PA ID No. 200636
jclark@cleanair.org

Clean Air Council
135 South 19th Street, Suite 300
Philadelphia, PA 19103
215-567-4004

*Counsel for Plaintiff*